# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2010

No. 09-40955
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUILLERMO JAIME VILLEGAS, also known as Guillermo Villegas,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CR-451-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Guillermo Jaime Villegas appeals the within-Guidelines sentence that he received. Villegas pleaded guilty to being unlawfully present in this country after having been deported, in violation of 8 U.S.C. § 1326. He argues that, in light of his arguments for a sentence below the Guidelines, the district court did not give adequate reasons for imposing its sentence. He also argues that the sentence was greater than necessary to achieve the factors set forth in 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Villegas's sentence is reviewed for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mondragon-Santiago*, 564 F.3d 3, 360 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). This court first determines whether the district court committed any significant procedural error, including, among other things, not adequately explaining the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no procedural error, this court then "consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

Villegas's arguments about the procedural reasonableness of his sentence are unavailing. The district court listened to Villegas's arguments, adopted the PSR, and rejected Villegas's request for a downward departure. *See United States v. Gomez-Herrera*, 523 F.3d 554, 564-66 (5th Cir. 2008)*; United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008). Unlike the district court in *United States v. Tisdale*, 264 F. App'x 403, 412 (5th Cir. 2008), on which Villegas relies, the district court in this case expressly referenced § 3553(a). Further, the district court's comments specifically addressed Villegas's argument that his inability to make a life in Mexico was a factor to consider in granting him a sentence below the Guidelines. Thus, this court is satisfied that the district court considered the parties' arguments and had a reasoned basis for exercising its own legal decision making authority. *See Rita v. United States*, 551 U.S. 338, 356-57 (2007).

Villegas's argument that the facts and circumstances of his case rebut its presumed substantive reasonableness is also unavailing given that it is essentially a request for this to court re-weigh the § 3553(a) factors. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339. (2008). That this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

Villegas's disagreement with the propriety of the within-guidelines sentence does not suffice to rebut the presumption of reasonableness that attaches to it. *See Gomez-Herrera*, 523 F.3d at 565-66; *Rodriguez*, 523 F.3d at 526.

AFFIRMED.